IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-148-FL

| | |
|---|---|
| WILLIAM H. MEETZE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. William H. Meetze ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and Disability Insurance Benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-19] be denied and Defendant's Motion for Judgment on the Pleadings [DE-21] be granted.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability and DIB on September 29, 2011 (Tr. 66), alleging disability beginning July 20, 2010 (Tr. 194). The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 66, 77, 105-06.) On July 24, 2013, a hearing was held before Administrative Law Judge Edward W.

Seery ("ALJ"), who issued an unfavorable ruling on March 18, 2014. (Tr. 20, 26.) On July 24, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in

2

Case 4:14-cv-00148-FL   Document 23   Filed 06/24/15   Page 2 of 8

substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since July 19, 2011. (Tr. 14.) Next, the ALJ determined Plaintiff had the following severe impairments: "lumbar disc disease, status-post surgery with residual pain, history of Charcot Marie disease and diabetes mellitus." (*Id.*) However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability "to perform the full range of sedentary work with lifting, carrying, pushing and pulling 10 pounds occasionally and on occasion small articles, such as small tools, docket files and ledgers; standing and walking 2 hours in an 8-hour day and sitting 6 hours in an 8-hour day as defined in 20 CFR 404.1567(a)." (Tr. 15.) In making this assessment,

the ALJ found Plaintiff's statements about the severity of his symptoms not fully credible. (Tr. 18.) At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of his past relevant work. (*Id.*) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience and RFC, the ALJ determined Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national and state economies. (Tr. 19-20.)

## IV.     Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in his finding that Plaintiff had the RFC to perform sedentary work. Second, Plaintiff asserts that the ALJ erred in his evaluation of Plaintiff's credibility.

### A.     Residual Functional Capacity

Plaintiff's first assignment of error asserts that the ALJ erred in finding Plaintiff capable of performing sedentary work because the ALJ did not assign significant weight to a treating physician's opinions. An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about

the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must determine the weight to be given the opinion, considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) any specialty or expertise of the treating physician; and (6) any other factors tending to support or contradict the physician's opinion, such as the extent of the physician's understanding of the Social Security disability programs and the physician's familiarity with other information in the record. 20 C.F.R. 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

In his decision the ALJ provided the following analysis of the medical opinion Plaintiff refers to:

> There is an RFC of record that indicates the claimant cannot lift or carry 10 pounds, stand and walk even 2 hours in an 8 hour day, or stoop at all. However, the signature is illegible, and the attorney was asked at the hearing to submit another one identifying the person who filled it out. The exact same form was again submitted, and it cannot be given significant weight as its authenticity cannot be determined.

(Tr. 18.)

Here, the ALJ's weight determination of a medical source statement with an illegible signature and RFC are supported by substantial evidence. It is not apparent from the record which doctor signed the medical source statement dated April 25, 2013. (Tr. 788-91, 801-04.) Plaintiff was instructed at the hearing to provide a copy of the medical source statement naming the treating doctor. (Tr. 30-31.) Although Plaintiff agreed to do so, Plaintiff merely resubmitted the form with the illegible signature. Furthermore, the ALJ faxed the doctor that Plaintiff claimed to be the treating physician who rendered the opinion in order to receive confirmation that he provided the medical opinion. (Tr. 184.) However, there is no indication in the record that the ALJ received a response. Also, upon requesting review by the Appeals Council, Plaintiff did not submit a copy of the medical source statement with a legible signature. Because the ALJ could not determine who signed the medical source statement, he appropriately declined to give the opinion significant weight.

**B.    Plaintiff's Credibility**

Plaintiff next contends that the ALJ erred in assessing Plaintiff's credibility. In assessing a claimant's credibility, the ALJ must follow a two-step process. First, the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms. *Craig*, 76 F.3d at 594–95. Next, the ALJ must evaluate the credibility of the claimant's statements regarding those symptoms. *Id.* at 595. The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and . . . be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the

individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, at *1. The ALJ must consider the following factors in addition to objective medical evidence when assessing the credibility of an individual's statements:

(1) Claimant's daily activities;
(2) The location, duration, frequency, and intensity of . . . pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate pain or other symptoms;
(5) Treatment, other than medication, received for relief of pain or other symptoms;
(6) Any measures used to relieve pain or other symptoms; and
(7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2013); SSR 96-7p, 1996 WL 374186, at *3.

The ALJ's credibility analysis is supported by substantial evidence. In the instant case, the ALJ's credibility analysis concludes that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, and states, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 18.) The ALJ then goes on to explain

> The claimant's statements were partially credible and supported by the medical evidence. The claimant testified that his pain was not relieved with the TENS unit and the dorsal column stimulator as noted in Dr. Minard's records. The claimant reported he is unable to walk and stand for prolonged periods without back and/or foot pain. During his July 21, 2011 visit, Dr. Reeg reported the claimant was cleared for sedentary work. On October 25, 2011, Dr. Reeg reported that claimant was overall feeling better with swimming, but had pain in his back and intermittently into his legs. During his April 26, 2012 [sic], Dr. Reeg opined that the claimant was stable, but still unable to work as a neonatologist.

(Tr. 18.) Further, the ALJ analyzed the medical record, as well as Plaintiff's testimony, within his decision. Thus, the ALJ properly evaluated Plaintiff's credibility and, based on the evidence of

record, determined that Plaintiff's statements concerning his inability to work were not fully credible.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-19] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-21] be GRANTED and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 24th day of June 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge