IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-148-FL

| WILLIAM H. MEETZE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 19, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R"), (DE 23), wherein it is recommended plaintiff's motion be denied, defendant's motion be granted, and that defendant's final decision be affirmed. Plaintiff timely filed objections to the M&R, (DE 24), and defendant's response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons discussed herein, the court adopts the M&R as its own, denies plaintiff's motion, and grants defendant's motion.

**BACKGROUND**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on September 29, 2011, alleging disability beginning July 20, 2010. His claim was denied both initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on July 24, 2013, who denied plaintiff's application by order dated March 18, 2014. Subsequently, on July

24, 2014, the Appeals Council denied review. Plaintiff initiated the instant action on August 19, 2014.

## COURT'S DISCUSSION

A.      Standard of Review

This court has jurisdiction to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g) . In conducting this review, the court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "[Substantial evidence] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process. This five-step process asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found plaintiff had not engaged in substantial gainful employment since July 19, 2011. At step two, the ALJ found that plaintiff had the following severe medical impairments: lumbar disc disease, status-post surgery with residual pain, history of Charcot Marie disease, and diabetes mellitus. However, at step three, the ALJ determined plaintiff's severe impairments were not enough, individually or in combination, to meet or medically equal one of the listed impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform sedentary work, subject to the following limitations: lifting, carrying, pushing and pulling 10 pounds occasionally, and on occasion small articles, such as small tools, docket files and ledgers, as well as standing and walking limited to two hours in an eight hour day.

3

In making this assessment the ALJ found plaintiff's testimony regarding the severity of his symptoms not fully credible. At step four, the ALJ found that plaintiff is unable to perform his past relevant work. (Tr. 20). Nevertheless, at step five, upon consideration of plaintiff's age, education, work experience, and RFC, in addition to the testimony of plaintiff's vocational expert, the ALJ concluded plaintiff was capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (Tr. 22).

B.      Analysis

Plaintiff contends the ALJ erred in two relevant respects in denying his DIB application. First, plaintiff argues the ALJ erroneously assessed his RFC because the ALJ failed to give controlling weight to the opinion of Dr. Scott Reeg, plaintiff's treating physician. Plaintiff also argues the ALJ erroneously assessed his RFC when the ALJ determined plaintiff's testimony regarding his inability to work was not fully credible. For the reasons that follow, the court affirms the decision of the ALJ.

   1.      Treating Physicians Opinion

Plaintiff objects to the ALJ's decision not to afford controlling weight to the opinion of Dr. Scott Reeg, plaintiff's treating physician. Plaintiff's objection relates to only a limited subset of Reeg's opinions. In fact, Reeg offered a number of opinions, and plaintiff assigns no error to the weight afforded to them. (See Tr. 16-17; Ex. 10F; Ex. 19F). However, plaintiff contends the ALJ erred in not giving controlling weight to a completed Social Security Form HA-1151 (the "RFC

4

Case 4:14-cv-00148-FL   Document 25   Filed 07/27/15   Page 4 of 10

Physical Form"), dated April 25,2013, and presumably completed by Reeg, because the form was illegible. (Tr. 788-91; 801-04). The court disagrees.

Plaintiff suggests the ALJ failed to give controlling weight to the opinion of plaintiff's treating physician. It is a familiar principle of Social Security law that, the ALJ must weigh and evaluate all medical opinions received, regardless of the source, and that in the usual case opinions of treating sources are given greater weight than opinions of non-treating sources, such as consultative examiners. 20 C.F.R. §§ 404.1527(c), 416.927(c). However, plaintiff's construction of the basis for his appeal misstates the issue. The ALJ did not afford the RFC Physical Form great or controlling weight because the ALJ was unable to ascertain the identity of its author. Thus, properly stated, plaintiff contends the ALJ erred in determining that the authenticity of the RFC Physical Form was unclear.

At the administrative level, the claimant bears the responsibility of producing authentic evidence bearing on his RFC. See Hunter v. Sullivan, 993 F.2d 31, 34-35 (4th Cir. 1992) (noting claimant bears burden of persuasion through the first four steps of the sequential evaluation process); see also Program Operations Manual System § GN 00301.045(B) (establishing a procedure for judging the validity of documents). Neither plaintiff's briefing, nor the court's independent review of the record, has uncovered any other document in the record bearing Reeg's purported signature. Moreover, it is not apparent from the signature presented on the document in question whether Reeg is the document's author. On this basis, the ALJ's decision not to give an unauthenticated document controlling weight is supported by substantial evidence.

The ALJ's decision as to the authenticity of the RFC Physical Form is not undermined by the ALJ's duty to develop the record. See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986).

5

In this circuit "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record." Id. at 1173. When the ALJ fails to fully develop the record, such that it "reveals evidentiary gaps which result in unfairness or clear prejudice," remand is necessary. See Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotations omitted); Ware v. Schweiker, 651 F.2d 408, 413 (5th Cir. 1981); Huddleston v. Astrue, 826 F. Supp. 2d 952, 958 (S.D. W. Va. 2011).

In the instant case, the court has little difficulty concluding that the ALJ adequately developed the record. The ALJ's written opinion demonstrates that the ALJ requested supplemental evidence, but that plaintiff, through counsel, merely resubmitted the same illegible form. (Tr. 18, 30-31 & Ex. 20F). In addition, the ALJ contacted Reeg, providing him with a copy of the RFC Physical Form at issue and requesting supplementation. (Tr. 183-88). This correspondence occurred on September 16, 2013. (Tr. 184). Where the ALJ entered an order denying plaintiff's request for benefits on March 18, 2014, it is apparent the ALJ never received any return correspondence from Reeg. (See Tr. 9, 15-18). On these facts the court has no difficulty concluding that the ALJ satisfied his duty to develop the record and the failure of evidence rests with plaintiff.

In any event, the ALJ's decision to afford the RFC Physical Form less weight was harmless. "[R]eversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (addressing harmless error in administrative review); see also Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014). Even assuming the ALJ should have accepted the document as authentic, the ALJ properly did not afford controlling weigh to a check-box form opinion. As other courts have noted "[f]orm reports in which a physician's obligation is only to check a box or fill in

6

a blank are weak evidence as best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); accord Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996); O'Leary v. Schweiker, 710 F.2d 1334, 1341 (8th Cir. 1993); see also 20 C.F.R. § 404.1527 ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Accordingly, the ALJ properly afforded the RFC Physical Form less weight in light of the more persuasive, and developed, opinion evidence contained in the record.

Plaintiff also contends remand is required where he now submits additional documentary evidence bearing on the authenticity of Reeg's signature. (DE 24-2). However, it is not this court's place to receive additional evidence. See United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963); Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). The court's obligation is to conduct a holistic review of the record and determine, based on that review, whether defendant's decision is supported by substantial evidence. See King v. Califano, 599 F.2d 597, 598 (4th Cir. 1979); Lehman v. Astrue, 931 F. Supp. 2d 682, 688-89 (D. Md. 2013). Defendant, through the ALJ acting as fact finder, is responsible for resolving conflicts in the evidence. Snyder v. Ribicoff, 3047 F.2d 518, 520 (4th Cir. 1962). Where those findings are supported by substantial evidence, the court is bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962); Lehman, 931 F. Supp. 2d. at 89.[1]

    2. Assessment of Plaintiff's Credibility

---

[1] In addition, the court's decision is supported by 42 U.S.C. § 405(g), which provides that the district court may order additional evidence be taken by defendant where the evidence is 1) material and 2) there is good cause for the failure to incorporate the evidence into the record in the prior proceeding. 42 U.S.C. § 405(g). Here, where petitioner was directed to supplement the record and failed to do so with new evidence, good cause does not exist.

Plaintiff also contends the ALJ incorrectly assessed his credibility. Plaintiff suggests the ALJ applied the incorrect legal standard in discrediting his subjective complaints of pain, citing Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006). The court disagrees.

In assessing credibility, the ALJ must follow a two-step process: 1) the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms, and 2) the ALJ must evaluate the credibility of the statements regarding those symptoms. Craig, 76 F.3d at 594-96. The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . .laboratory findings," "daily activities," and "medical treatment." Id. at 595 (internal quotations omitted). The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

In Hines, the Fourth Circuit discussed the long and contentious history between itself and the Social Security Administration on the issue of subjective evidence of pain. Hines, 453 F.3d at 563-64. As the court made clear, in this circuit an ALJ may not discredit a claimant's subjective complaints of pain simply because there is an absence of corroborative objective evidence. Id. Plaintiff does not faithfully apply this rule, but instead advances a broader rule, that objective evidence may never be used to discredit a claimant's subjective complaints of pain, which is unsupported in the case law. (See Pl.'s Objections, DE 24, at 4). Where plaintiff would have the court apply an incorrect legal standard, his objection must be overruled.

To the limited extent plaintiff's objection can be read as an assignment of error to the ALJ's decision to reject plaintiff's testimony as not fully credible, plaintiff's claim also must fail. The ALJ's determination relies on the treatment notes from plaintiff's July 21, 2011, appointment with Reeg, (Tr. 18), in which Reeg opines that plaintiff suffers only from "intermittent leg symptoms that require[] periodic bed rest" (Tr. 543). In addition, the ALJ cited plaintiff's April 26, 2012, appointment with Reeg,(Tr. 18), after which Reeg noted that plaintiff's condition was "stable" although he was unable to perform his past relevant work. (Tr. 541). The ALJ further considered plaintiff's statements, as well as his activity level. (Tr. 18). Thus, the ALJ applied the proper procedure, and his decision to discredit plaintiff's subjective complaints of pain is supported by substantial record evidence.

In any event, the ALJ's findings are further supported by evidence submitted to the Appeals Council on plaintiff's request for reconsideration. The court properly may consider new evidence submitted to the Appeals Council in support of the ALJ's findings. Meyer v. Astrue, 662 F.3d 700, 706-07 (4th Cir. 2011); see also Smith, 99 F.3d at 638-39 (affirming ALJ decision as supported by substantial evidence after considering new evidence submitted to Appeals Council); Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc) (reversing ALJ decision based on new evidence submitted to Appeals Council). On May 19, 2014, plaintiff submitted to the Appeals Council Reeg's treatment notes from an April 29, 2014, appointment with Reeg. (Tr. 885-86). Therein, Reeg notes that plaintiff is "doing pretty well" and that despite some unresolved pain he is "making progress." (Tr. 886). Based on this medical evidence, which is consistent with the ALJ's assessment of other objective evidence of record, the court concludes that

9

the ALJ's decision to discredit plaintiff's subjective complaints of pain is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which specific objections were made, and upon considered review of the remainder thereof, the court ADOPTS the M&R as its own. (DE 23). Plaintiff's motion for judgment on the pleadings (DE 19) is DENIED. Defendant's motion for judgment on the pleading (DE 21) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge